UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-61174-CIV-COHN/SELTZER

MANUEL S. GALEANO and
NIDIA GALEANO,

      Plaintiffs,

v.

FEDERAL HOME LOAN MORTGAGE
CORPORATION and BANK OF AMERICA, N.A.
S/B/M TO BAC HOME LOAN SERVICING, LP,

      Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendants Federal Home Loan Mortgage Corporation ("Freddie Mac") and Bank of America, N.A. as successor by merger to BAC Home Loan Servicing, LP's ("BANA's") Motion to Dismiss Plaintiffs' Complaint [DE 7] ("Motion").  The Court has considered the Motion, Plaintiffs Manuel S. Galeano and Nidia Galeano's Response [DE 10], Defendants' Reply [DE 16], the record in this case, the argument of counsel at the August 17, 2012 hearing, and is otherwise fully advised in the premises.

### I. BACKGROUND

According to the Complaint [DE 1-2 at 2-7], Plaintiffs reside in their home in Broward County, Florida.  Compl. ¶ 8.  At some point, Plaintiffs acquired a residential mortgage loan and signed a promissory note in connection with the mortgage.  See id. ¶¶ 3, 9, 12, 13.  Thereafter, Defendant Freddie Mac employed Defendant BANA to service the subject loan.  Id. ¶ 9.

On or about June 28, 2011, Plaintiffs' counsel sent BANA a qualified written request pursuant to § 1641(f)(2) of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*. Compl. ¶ 15; Qualified Written Request [DE 1-2 at 8-10]. Among other things, the request asked, "Please identify the name, address and telephone number of the owner or master servicer of the obligation." Qualified Written Request ¶ 6. On September 21, 2011, BANA responded in writing to the request, but failed to provide the telephone number of the loan's owner. Compl. ¶¶ 17, 18, 19; Written Response [DE 1-2 at 11-13]. Specifically, the response stated, "The current owner of the note is Federal Home Loan Mortgage Corporation, whose address is 8609 Westwood Ctr. Dr., Vienna, VA 22183. The remainder of this request is respectfully declined as it seeks documentation and/or information beyond that which is available through a 'qualified written request' . . . ." Written Response ¶ 6.

Plaintiffs argue that BANA's failure to provide the telephone number violates § 1641(f)(2). Compl. ¶ 20. Plaintiffs further contend that Freddie Mac is responsible for BANA's failure to respond properly to the written request because BANA was acting in furtherance of and within the scope of its employment for Freddie Mac. Id. ¶ 26.

Based on these allegations, Plaintiffs filed this action on May 23, 2012 in the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, Florida, seeking damages, costs, and fees for one Count of violation of TILA. Compl. ¶¶ 15-29; see also Notice of Removal [DE 1]. On June 11, 2012, Defendants removed the action to this Court based on federal question jurisdiction. See Notice of Removal. On June 18, 2012, Defendants filed their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). See Mot. Plaintiffs oppose dismissal. See Resp.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss lies for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007) (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

At this stage in the litigation, the Court must consider the factual allegations in the complaint as true, and accept all reasonable inferences therefrom. Jackson v. Okaloosa Cnty., Fla., 21 F.3d 1531, 1534 (11th Cir. 1994). Nevertheless, the Court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

### III. ANALYSIS

TILA is a consumer protection statute that purports "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a). "In addition to empowering the Federal Trade Commission to enforce its provisions, 15 U.S.C. § 1607(c), and imposing criminal liability on persons who wilfully and knowingly violate the statute, 15 U.S.C. § 1611, TILA creates a private cause of action for actual and statutory damages for certain disclosure violations, 15 U.S.C. § 1640(a)." Khan v. Bank of N.Y. Mellon, --- F. Suppp. 2d ---, No. 12-60128-CIV, 2012 WL 1003509, at *2 (S.D. Fla. Mar. 19, 2012).

In this case, Plaintiffs bring a private cause of action seeking actual and statutory damages for an alleged disclosure violation under § 1641(f)(2). In the instant Motion, Defendants seek to dismiss the Complaint for the following reasons: (1) there has been no violation of TILA, (2) BANA is not liable under TILA, (3) Freddie Mac is not vicariously liable for BANA's alleged violation under TILA, and (4) alternatively, Freddy Mac is entitled to protection under TILA's safe harbor provisions. See Mot. If the Court does not dismiss the entire Complaint, then Defendants contend that (5) Plaintiffs' claim for actual damages should be dismissed for failure to plead detrimental reliance. Plaintiff opposes each ground for dismissal.

## A. Violation of TILA

Plaintiffs' Complaint seeks relief against both Defendants based on the allegation that BANA violated TILA's disclosure requirements under § 1641(f)(2). Defendants argue that Plaintiffs' Complaint must be dismissed because there has been no violation of § 1641(f)(2) .

In pertinent part, § 1641(f)(2) provides, "Upon written request by the obligor, the servicer shall provide the obligor, to the best knowledge of the servicer, with the name, address, *and telephone number* of the owner of the obligation or the master servicer of the obligation."  15 U.S.C. § 1641(f)(2) (emphasis added).  "Neither the TILA statute nor the regulations thereunder provide a specific time within which a request under § 1641(f)(2) must be answered; therefore, the answer must be made within a reasonable time." In re Carlton, No. 10-40388-JJR-13, 2011 WL 3799885 (Bankr. N.D. Ala. Aug. 26, 2011).  "[A] violation of § 1641(f)(2) occurs, as some courts have sensibly concluded, either (I) after a 'reasonable time' has passed since the obligor sent a request without the servicer having sent any response, or (ii) when the servicer sends an inadequate response to that request." Bradford v. HSBC Mortg. Corp., 829 F. Supp. 2d 340, 352 (E.D. Va. 2011).

The Complaint alleges that BANA violated §1641(f)(2) because it failed to disclose the telephone number of the owner or master servicer of the mortgage obligation in its initial written response to Plaintiffs' qualified written request.  Compl. ¶ 20.  In Defendants' Motion, Defendants claim that there has been no disclosure violation because, although BANA did not include the telephone number in its initial response to Plaintiffs' written request, BANA provided the telephone number six months

5

later in a supplemental response. See Mot. at 6; Supplemental Response [DE 7-2]. Indeed, on March 28, 2012, BANA sent a supplemental written response, indicating, "The current owner of the note is Federal Home Loan Mortgage Corporation, whose address is 8200 Jones Branch Drive, McLean, VA 22102, and a telephone number of (800) 373-3343, option 2." Supplemental Written Response at 1. Plaintiffs argue, however, that (1) the supplemental response is not properly before the Court at this time, and (2) regardless, there was still a violation of §1641(f)(2).

First, Plaintiffs contend that the supplemental response is not properly before the Court because, on consideration of a motion to dismiss, the Court is bound by the Complaint. See Resp. at 4. "A court's review on a motion to dismiss is 'limited to the four corners of the complaint.'" Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 959 (11th Cir. 2009) (quoting St. George v. Pinellas Cnty., 285 F.3d 1334, 1337 (11th Cir. 2002)). However, "[a] court may consider only the complaint itself and any documents referred to in the complaint which are central to the claims," id. (citing Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997)). Because Plaintiffs' claim is based on BANA's failure to send an adequate response to their written request, see Bradford, 829 F. Supp. 2d at 352, and the cause of action accrued at the time Plaintiffs received BANA's initial response, the supplemental response is not central to the claim and therefore is not properly before the Court on consideration of this Motion. As Plaintiff noted at the hearing, the supplemental response may be central to Defendants' defense, but it is not central to Plaintiff's claim.

Second, even if the supplemental response were properly before this Court, based on the plain language of TILA, and reading the Complaint in the light most

favorable to Plaintiffs, as the Court is required to do at the motion to dismiss stage, Plaintiffs have still stated a claim for violation of TILA.  To the extent that the parties dispute the factual circumstances surrounding Plaintiff's allegations, these matters will be resolved at trial.[1]

### B. BANA's Liability

The Complaint seeks recovery from BANA as the mortgage servicer and creditor of the subject loan.  See Compl. ¶¶ 4, 5, 7, 10.  Defendants argue that BANA should be dismissed from this case because TILA does not provide a private cause of action against a mortgage servicer.  As Defendants note, "TILA, [ ] does not impose liability on servicers, but rather provides a private cause of action against 'creditor[s] who fail[ ] to comply with any requirement imposed under . . . section 1635 of this title [and] subsection (f) or (g) of section 1641." Khan v. Bank of N.Y. Mellon, --- F. Suppp. 2d ---, No. 12-60128-CIV, 2012 WL 1003509, at *2 (S.D. Fla. Mar. 19, 2012) (quoting 15 U.S.C. § 1640(a)); see also Holcomb v. Fed. Home Loan Mortg. Corp., No. 10-81186-CIV, 2011 WL 5080324, at **6-7 (S.D. Fla. Oct. 26, 2011) ("TILA presents an apparent conundrum by imposing an obligation on servicers to provide information on request but

---

[1] Defendants also accuse Plaintiffs of misusing TILA.  See Mot. at 2.  Without citing any binding authority in support of outright dismissal, Defendants suggest that the "Complaint should be dismissed outright as nothing more than an attempt to utilize [TILA]—intended by Congress as a shield to protect consumers—as a sword against Freddie Mac and BANA to reap attorney's fees and obtain a minimal statutory penalty for Plaintiffs themselves." Id.  Plaintiffs deny any such misuse, see Resp. at 6-7, 15-17, and argue that "Congress intended that servicers should be held liable—via vicarious liability—for even a technical violation of TILA," id. at 16.  The Court declines to consider these arguments at the motion to dismiss stage, as the sole issue on a Rule 12(b)(6) motion is whether the Complaint states a claim upon which relief can be granted.

also absolving servicers of any liability under TILA where the servicers are not also the owners of the obligations," but "declin[ing] to expand liability for violations of § 1641(f)(2) beyond that indicated by the text of the statute."); Borden v. Saxon Mortg. Servs., Inc., No. 08-61851-CIV, 2010 WL 3834590, at *7 (S.D. Fla. Sept. 28, 2010) (servicer exempt from liability under § 1641(f)).

However, here, Plaintiffs have alleged that BANA is not only a servicer, but also a creditor. See Resp. at 7; Compl. ¶ 7 ("BANA was and is a creditor as the term is defined in 15 U.S.C. § 1602(g)."). In May 2009, TILA was amended to add to § 1640(a) a private cause of action against creditors for violation of § 1641(f)(2). See Pub. L. No. 111–22, § 404(b), 123 Stat. 1632, 1658 (2009); 15 U.S.C. § 1640(a) (". . . any creditor who fails to comply with any requirement imposed under this part, including any requirement under . . . subsection (f) or (g) of section 1641 of this title, . . . with respect to any person is liable to such person...."). TILA defines "creditor" as "a person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement." 15 U.S.C. § 1602(g). As evidenced by the Note [DE 10-1 at 1-3] and Mortgage [DE 10-1 at 4] on file, BANA was the original payee and mortgagee of the subject loan in this case. See Note at 1 ("The Lender is Bank of America, N.A."); Mortgage at 1 ("Lender" is Bank of America, N.A."). Plaintiffs thereby state a claim against BANA, as a creditor, for its alleged violation of § 1642(f). See

8

Khan, 2012 WL 1003509, at *5 n.2 ("an entity that is both the servicer and lender on a loan would clearly be liable for damages under § 1602(f)(2).").

In their Reply, Defendants rely on Gale v. First Franklin Loan Servs., --- F.3d ---, No. 09-16498, 2012 WL 2855811, at *2 (9th Cir. July 12, 2012), for the proposition that BANA cannot be held liable under § 1641(f)(2) even if it was the original creditor.  See Gale, 2012 WL 2855811, at *2 (finding that § 1641(f)(2) claim failed because defendant "was not an assignee of the loan, but rather the original creditor").  This Court is unpersuaded.  As an initial matter, at the hearing, Defendants conceded that there is no binding precedent on point with Gale, and that Gale is, at most, persuasive authority in this district.  Regardless, Gale is factually distinguishable from this case.  The plaintiff in Gale sent his qualified written requests in June and August 2008, before the May 2009 amendments which inserted a private right of action for violations of § 1641(f)(2) into § 1640(a), a remedy section that provides for civil liability against creditors.  As such, Gale does not apply to this case, where Plaintiffs sent their request after the May 2009 amendments, and BANA is not only a servicer, but also the initial lender.  As such, Plaintiffs have stated a claim against BANA.

### C. Freddie Mac's Liability

The Complaint seeks to recover damages from Freddie Mac as BANA's employer.  See Compl. ¶ 21.  The Complaint alleges, Freddie Mac is "responsible for BANA's failure to respond properly to Plaintiff's request since BANA was acting in furtherance and within the scope of its employment for Freddie Mac."  Id. ¶ 26.  In other words, Plaintiffs seek to recover from Freddie Mac under a theory of vicarious liability.

Defendants argue that Freddie Mac should be dismissed from this case because

TILA does not provide for vicarious liability between a mortgage servicer and mortgage owner, and because even if TILA did provide for vicarious liability, there is no servicer liability to impute to Freddie Mac.

### a. Vicarious Liability Under TILA

Within the Southern District of Florida, there is a split of authority regarding whether TILA permits vicarious liability between a mortgage servicer and a mortgage owner.  In Holcomb v. Fed. Home Loan Mortg. Corp., No. 10-81186-CIV, 2011 WL 5080324, (S.D. Fla. Oct. 26, 2011), Judge Hurley read TILA narrowly and declined to hold a mortgage owner vicariously liable for the servicer's alleged TILA violation, but in the more recent case of Khan v. Bank of N.Y. Mellon, , --- F.3d ---, No. 12-60128-CIV, 2012 WL 1003509 (S.D. Fla. Mar. 19, 2012), Judge Dimitrouleas read TILA liberally and imposed vicarious liability under similar circumstances.  Defendants urge the Court to follow Holcomb and find that vicarious liability is unavailable under TILA, whereas Plaintiffs argue for the Court to follow Khan and find that vicarious liability is available under TILA.

As Plaintiffs note, not many courts have addressed the issue of vicarious liability under § 1641(f)(2), but of those courts, Holcomb is the only one to date to decline to apply vicarious liability.  See Resp. at 8.  In contrast, several courts, including Khan, have imposed liability on the creditor for a servicer's violation of § 1641(f)(2).  See Khan, 2012 WL 1003509; see also Rinegard-Guirma v. Bank of America NA,  No. 3:10–cv–01065–PK, 2012 WL 1110071, at **8-9 (D. Or. Apr. 2, 2012) ("Congress' demonstrated intent in passing the 2009 amendments, and cases interpreting TILA all lead me to conclude that [plaintiff] properly alleges a TILA claim against [creditor] for its

10

servicer's alleged violation of 15 U .S.C. § 1641(f)"); Davis v. Greenpoint Mortg. Funding, Inc., No. 1:09–CV–2719–CC–LTW, 2011 WL 7070221, at *4 (N.D. Ga. Mar. 1, 2011) ("this Court concludes that agency principles apply, and creditors may be held vicariously liable for the Section 1641(f)(2) violations of their servicers."); Consumer Solutions REO, LLC v. Hillery, No. C–08–4357 EMC, 2010 WL 1222739, at *5 (N.D. Cal. Mar. 24, 2010) ("the Court rejects [creditor]'s position that vicarious liability based on TILA is not possible under § 1641(f)(2)."); Consumer Solutions REO, LLC v. Hillery, No. C-08-4357 EMC, 2010 WL 144988, at *3 (N.D. Cal. Jan. 8, 2010) ("There is a fair chance Congress intended vicarious liability....").

As Plaintiffs note, "TILA[ is] a consumer protection statute which, . . . is remedial in nature and therefore must be construed liberally in order to best serve Congress' intent."  Ellis v. Gen. Motors Acceptance Corp., 160 F.3d 703, 707 (11th Cir. 1998). Further, as a matter of statutory interpretation, TILA must be construed "so as to avoid rendering superfluous any parts thereof," Astoria Fed. Sav. & Loan Ass'n v. Solimino, 501 U.S. 104, 112 (1991), and the Court "must not be guided by a single sentence or member of a sentence, but look to the provisions of the whole law, and to its object and policy," United States v. Boisdore's Heirs, 49 U.S. 113, 122 (1850).

Importantly, as Plaintiffs argue, "if this Court were to adopt the rationale in Holcomb, Plaintiffs have no adequate remedy at law for Defendants' failure to comply with 15 U.S.C. § 1641(f)(2), rendering the language in that section  meaningless." Resp. at 9-10.  Such an interpretation would run afoul of the basic cannons of statutory interpretation requiring interpretation to avoid rendering any part of a statute superfluous, as well as the Eleventh Circuit's direction to construe TILA liberally.  See

11

Astoria, 501 U.S. at 112; Ellis, 160 F.3d at 707; see also Khan,2012 WL 1003509, at *5 ("According to Defendant's proposed construction of the TILA, neither a servicer/nonlender nor a lender/non-servicer is liable for damages based upon a § 1602(f)(2) violation.  The provision would as a result be left essentially without effect, notwithstanding the rule that statutes should be read to avoid rendering superfluous any parts thereof.").  The undersigned, like Judge Dimitrouleas, "is persuaded that Congress meant to extend agency principles to creditors or make creditors liable under § 1641(f)(2) by intentionally inserting the private right of action for violations of § 1641(f)(2) into § 1640(a), a remedy section that provides for civil liability against creditors." Khan, 2012 WL 1003509, at *5.  Accordingly, this Court agrees with the Khan line of decisions that a mortgage owner can be vicariously liable for a mortgage servicer's failure to properly respond to a § 1641(f)(2) request for information.

### b. Vicarious Liability in This Case

Defendants argue that even if vicarious liability exists under TILA, Plaintiffs still cannot prevail on their vicarious liability claim, because BANA is not liable for its alleged violation.  The Court does not reach this matter because, as explained above, Plaintiffs have stated a claim for liability against BANA.  Thus, BANA's liability can be imputed to Freddie Mac, and Plaintiffs have stated a claim for violation of § 1641(f)(2) against Freddie Mac based on BANA's alleged disclosure violation.[2]

---

[2] Nonetheless, even if BANA were not liable under TILA, its actions could still be imputed to Freddie Mac under agency principles.  Florida courts hold that a vicarious liability claim cannot survive if the agent is not liable, see Ostuni v. Meineke Discount Muffler Shops, Inc., 948 So. 2d 848, 848 (Fla. Dist. Ct. App. 2007) (citing Mobil Oil Corp. v. Bransford, 648 So. 2d 119, 121 (Fla. 1995)), but this conclusion relies on the notion that vicarious liability involves "imputing the acts of the agent to the

**D. Safe Harbor Protection**

Defendants argue that if Plaintiffs' claims against Freddie Mac survive, then Freddie Mac should be entitled to the safe harbor provisions set forth in 15 U.S.C. § 1640(b).  The Court disagrees.

The safe harbor provision provides as follows:

(b) Correction of errors

A creditor or assignee has no liability under this section or section 1607 of this title or section 1611 of this title for any failure to comply with any requirement imposed under this part or part E of this subchapter, if within sixty days after discovering an error, whether pursuant to a final written examination report or notice issued under section 1607(e)(1) of this title or through the creditor's or assignee's own procedures, and prior to the institution of an action under this section or the receipt of written notice of the error from the obligor, the creditor or assignee notifies the person concerned of the error and makes whatever adjustments in the appropriate account are necessary to assure that the person will not be required to pay an amount in excess of the charge actually disclosed, or the dollar equivalent of the annual percentage rate actually disclosed, whichever is lower.

15 U.S.C. § 1640(b).  This "provision . . . refers to mathematical, not informational errors."  Thomka v. A. Z. Chevrolet, Inc., 619 F.2d 246, 251 (3d Cir. 1980).  Defendants concede as much, see Mot. at 13, but they nevertheless invite the Court to construe TILA to apply this provision to the present situation where "BANA, as servicer, has corrected any informational error *on its own volition*, prior to Plaintiffs' institution of this action or receipt of any written notice of the error from Plaintiffs," id. at 13-14 (emphasis in original).  The Court declines to accept Defendants' invitation.  "To apply the exception in Section 1640(b) to this requirement would effectively nullify the regulation, .

---

principal," Mobil Oil, 648 So. 2d at 121.  Here, if BANA's acts allegedly violating § 1641(f)(2) are imputed to Freddie Mac, then Freddie Mac can be held liable under the statute.

. . because lenders would be granted an automatic extension of time not contemplated by the regulations." Thomka, 619 F.2d at 252 (citation and quotation omitted).

### E. Claim for Actual Damages

The Complaint alleges, in part, "Plaintiffs are entitled to the following damages for violations of TILA . . . : actual damages sustained by Plaintiffs pursuant to 15 U.S.C. § 1640(a)(1) . . ." Compl. ¶¶ 28, 29. Defendants argue that this request for actual damages should be dismissed because Plaintiffs fail to plead detrimental reliance. See Mot. at 15-16.

Where a plaintiff fails to plead any facts in support of a conclusory claim for actual damages under TILA, the claim for actual damages warrants dismissal for failure to state a claim. See Haun v. Don Mealy Imports, Inc., 285 F. Supp. 2d 1297, 1303-04 (M.D. Fla. 2003); see also Turner v. Beneficial Corp., 242 F.3d 1023, 1028 (11th Cir. 2001) ("the statute's authors intended that plaintiffs must demonstrate detrimental reliance in order to be entitled to actual damages under TILA."). Plaintiffs did not point to any factual allegations supporting their claim for actual damages in their Response or at the hearing. Instead, at the hearing, Plaintiffs requested permission to amend their Complaint to include such allegations. Therefore, the Court will dismiss Plaintiffs' claims for actual damages without prejudice and provide Plaintiffs with an opportunity to replead their claims for actual damages.

## IV. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendants Federal Home Loan Mortgage Corporation ("Freddie Mac") and Bank of America, N.A. as successor by merger to BAC Home Loan Servicing, LP's ("BANA's") Motion to Dismiss Plaintiffs' Complaint [DE 7] is **GRANTED in part and DENIED in part** as follows:

    a. The Motion is **GRANTED** as to the request to dismiss Plaintiffs' request for actual damages, and the request for actual damages is **DISMISSED without prejudice**;

    b. In all other respects, the Motion is **DENIED**.

2. By no later than **September 4, 2012**, Plaintiffs may file an Amended Complaint which states a claim for actual damages. Alternatively, by no later than **September 4, 2012**, Plaintiffs may file a Notice to Proceed without their claim for actual damages.

3. Defendants' Answer will be due fourteen calendar days from Plaintiffs' filing of an Amended Complaint or a Notice to Proceed.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 21st day of August 2012.

*[signature]*
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF